IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NOSAKHARA EKUNWE                                                                              PLAINTIFF

v.                                                                        CAUSE NO. 3:11-cv-432-CWR-LRA

BASF CATALYSTS LLC                                                                            DEFENDANT

**ORDER**

Before the Court is Defendant BASF Catalysts, LLC's ("BASF") motion to dismiss this case without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure. Docket No. 10. The plaintiff, who is proceeding *pro se*, appears to have submitted a letter in response to the motion. Docket No. 12. The Court, having reviewed these submissions and the relevant docket entries, finds that the motion should be GRANTED.

**I. Factual and Procedural History**

This action, filed on July 18, 2011, was previously before the Court on three of its own motions, after the plaintiff failed to have process served on BASF for over a year. The Magistrate Judge entered the Court's First Order To Show Cause on September 21, 2012, directing the plaintiff to show good cause explaining why he had not caused process to be served within 120 days of filing his Complaint on or before October 15. Docket No. 4. The plaintiff responded on October 25, explaining that he sent the summons to BASF via postal mail and that the parcel was returned to him after the defendant refused delivery three times. Docket No. 5.

The Court acted on that response on October 29, 2012, by entering its Second Order To Show Cause. Docket No. 6. In that Order, the Magistrate Judge explained that the plaintiff had not complied with Rule 4(m), and that the plaintiff's reasons for not perfecting service were

unavailing because BASF is not obligated to waive service under Rule 4(d) of the Federal Rules of Civil Procedure. *Id.* at 1. The Order further explained that, in the event that BASF continued to not waive service, the plaintiff must serve process in accordance with Rule 4(c). *Id.*[1]

Recognizing, however, that *pro se* plaintiffs should be given great latitude in effecting process, the Magistrate Judge gave the plaintiff until December 4, 2012 to make additional efforts to perfect service. *Id.* at 2. In the event that he failed to perfect service by that date, the Magistrate Judge ordered the plaintiff to make a further showing of good cause that explained why additional time was needed. *Id.* The Order warned the plaintiff that "failure to serve process on or before December 4, 2012, shall result in the dismissal of his Complaint without further notice." *Id.*

The plaintiff did not make any showing to the Court on or before the December 4 deadline. The District Judge then sent this Court's Third and Final Order to Show Cause, ordering the plaintiff to respond by January 10, 2013. Docket No. 7. Once again, the plaintiff did not make any showing in response to the Court's Order.

The plaintiff's only filing since last October came in a letter dated February 12, 2013, after BASF filed its motion to dismiss. The letter explains that on December 4, 2012, the plaintiff

---

[1] That explanation was accompanied by the following excerpt from Rules 4(c) and 4(m) of the Federal Rules of Civil Procedure:
>Rule 4(c) provides in part:
>(1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>(2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.
>...
>FED.R.CIV.P.4(m) provides as follows:
>(m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Order To Show Cause, October 29, 2012, Docket No. 6, at 1-2.

2

personally delivered the summons to BASF's security officer, who also receives the company's mail. Docket No. 12. The letter also explains, once again, that the defendant refused delivery by postal mail. *Id.*

**II. Legal Standard**

> "A failure to comply with Rule 4(m)'s time requirement authorizes a district court to dismiss an action without prejudice, except upon a showing of good cause." *Lozano v. Bosdet*, 693 F.3d 485, 487 (5th Cir.2012). To avoid dismissal under Rule 4(m), a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir.1995). The Court normally requires "some showing of good faith on the part of the party seeking an [enlargement] of time and some reasonable basis for noncompliance within the time specified." *Id.*

*Maxwell v. Hininger*, No. 5:10-cv-130, 2013 WL 1183066, at *2 (S.D. Miss. Mar. 21, 2013).

**III. Law and Analysis**

The Magistrate Judge's Order correctly informed the plaintiff that the federal rules do not permit service of a corporation by mail alone. Fed. R. Civ. P. 4(h); *see also Maxwell*, 2013 WL 1183066, at *3. However, the Rules do allow plaintiffs to serve process "in accordance with the state procedures of the state in which the Court is located and the state in which service is made." *Maxwell*, 2013 WL 1183066, at *3.

"Mississippi's 'rules regarding service of process are to be strictly construed.'" *Id.* at *3 (quoting *Tucker v. Williams,* 7 So. 3d 961, 965 (Miss. Ct. App. 2009)). To perfect service on a corporation under Mississippi's rules, process must be delivered to someone identified as "an officer, a managing or general agent, or to any other agent authorized by appointment or by law."

Miss. R. Civ. P. 4(d)(4).[2] In Mississippi, a defendant corporation may also be served by postal mail

> by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.

Miss. R. Civ. P. 4(c)(3)(A).[3] A defendant who refuses service by mail, without good cause shown, must pay the costs of personal service. Miss. R. Civ. P. 4(c)(3)(C).

The explanations found in Ekunwe's letter opposing the motion to dismiss fail to show compliance with either the federal or state rules governing service of process.

Ekunwe's explanation that he personally delivered the summons to a BASF security guard on December 4, 2012 suggests that he believes that he acted in compliance with the rules. But that delivery, as Ekunwe has explained it, poses multiple deficiencies under both the federal and state rules: Under both sets of rules, personal service may not be conducted by a person who is a party to the pending lawsuit. Fed. R. Civ. P. 4(c)(2); Miss. R. Civ. P. 4(c)(1). Likewise, the security guard to whom Ekunwe delivered process would not qualify as an officer, managing or general agent, or authorized agent under either set of rules. *See Jowers v. Lincoln Elec. Co.*, No. 07-wf-17010, 2008 WL 80063, at *3 (N.D. Miss. Jan. 4, 2008) ("Service upon a corporation's receptionists, personal secretaries, and other low-level employees, however, is usually not sufficient.").

Ekunwe also contends that he tried to serve BASF by postal mail, explaining that he mailed "the summons" to BASF on multiple occasions. Docket No. 5, at 1. But the problem here

---

[2] The federal rules provide that a corporation must be served through the same set of individuals. Fed. R. Civ. P. 4(h)(1)(B).

[3] This is a departure from the federal rules, which do not name postal mailing among proper methods of service. Fed. R. Civ. P. 4(e)(2). Instead, the plaintiff must "request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). A completed waiver exempts the plaintiff from providing proof of service. Fed. R. Civ. P. 4(d)(4).

is that Ekunwe has made no attempt to show that, in doing so, he also complied with the technicalities of the Mississippi rules, by also including the complaint, two copies of a notice and acknowledgement, and a pre-paid return envelope, as required by state law. "The burden of proof to establish proper service is on the party on whose behalf service is made." *In re Arbitration Between Trans Chem. Ltd. & China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 298 (S.D. Tex. 1997) *aff'd sub nom. Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 161 F.3d 314 (5th Cir. 1998). "A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (citations omitted). That *pro se* litigant is required to inform himself of the procedural rules and to comply with them. *Tuesno v. Jackson*, No. 5:08-cv-302, 2013 WL 685928, at *4 (S.D. Miss. Feb. 25, 2013). On his own explanations, therefore, it is clear that Ekunwe did not properly serve Defendant BASF.

Further, Ekunwe has not shown good cause for extending the time to serve process. More than two years have passed since the plaintiff first filed this action. During this period, the Court granted the plaintiff multiple extensions of time and directed him to the relevant procedural rules. The plaintiff, however, has ignored the Court's most recent orders directing a response, despite being advised of the consequences, should he fail to do so. The plaintiff's *pro se* status and lack of knowledge of the law can no longer excuse his failure to comply with this Court's orders. *See Maxwell*, 2013 WL 1183066, at *3; *see also Tuesno*, 2013 WL 685928, at *4 ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") (alteration, citations, and quotation marks omitted).

## IV. Conclusion

For these reasons, BASF's motion to dismiss is well-taken and is GRANTED. Ekunwe's claims against BASF will be dismissed without prejudice. An entry of judgment shall follow.

**SO ORDERED**, this 5th day of August, 2013.

                                              s/ Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE